1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| STEPHAN LEVESQUE, | ) | Case No.: 2:09-cv-01393-RLH-LRL |
| | ) | |
| Plaintiff, | ) | **O R D E R** |
| | ) | |
| vs. | ) | (Motion for Final Judgment—#47; Motion to Set Aside Order of Dismissal and for Leave to File Response—#48) |
| | ) | |
| TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC, THE STUDENT LOAN PEOPLE a/k/a KENTUCKY HIGHER EDUCATION STUDENT LOAN CORPORATION; ACCESS GROUP, INC. | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant Access Group, Inc.'s **Motion for Final Judgment** (#47), filed January 20, 2010.

Also before the Court is Plaintiff Stephan Levesque's **Motion to Set Aside Order of Dismissal and for Leave to File Response** (#48), filed January 22, 2010.  The Court has also considered Access Group's Opposition (#49), filed February 3, 2010, and Levesque's Reply (#51), filed February 16, 2010.

### BACKGROUND

This case revolves around Plaintiff Stephan Levesque's assertion that Defendants unlawfully reported derogatory and inaccurate information on his credit history to third parties.  In

1

1  August 2002, Levesque co-signed a private education loan for his niece, Kimberly Wright.

2  Levesque claims his niece made the necessary payments in 2008 and 2009, but that Defendant

3  Access Group misapplied her payments.  Levesque also claims that Defendants reported negative

4  credit information to third parties while the education loan was actually in forbearance.  Finally,

5  Levesque states that despite the fact that he disputed the inaccurate information with all

6  Defendants, the negative information remains on his credit reports.

7         On December 3, 2009, Access Group moved to dismiss Levesque's claims against

8  it.  The Court granted Access Group's motion on January 14, 2010, because Levesque failed to

9  oppose the motion (#36).  Levesque now asks the Court to set aside its order of dismissal and

10  permit him to file an opposition to Access Group's motion to dismiss.  For the reasons discussed

11  below, the Court grants Levesque's motion.

**DISCUSSION**

13  **I.      Motion to Set Aside**

14         Levesque asks the Court to set aside its order dismissing all claims against Access

15  Group because his failure to oppose Access Group's motion to dismiss was caused by his

16  attorneys' excusable neglect.  Motions to set aside rulings and judgments are made pursuant to

17  Rule 60(b) of the Federal Rules of Civil Procedure, which states: "On motion and upon such terms

18  as are just, the court may relieve a party or a party's legal representative from a final judgment,

19  order, or proceeding for . . . mistake, inadvertence, surprise or excusable neglect."

20         In analyzing excusable neglect, courts take into account "all relevant

21  circumstances," including (1) the danger of prejudice to the opposing party; (2) the length of the

22  delay and its potential impact on this case; (3) the reason for the delay; and (4) whether the movant

23  acted in good faith.  *Pioneer Inv. Serv. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395

24  (1993).  The most significant factor is generally considered the reason for the delay.  *United States*

25  *v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004); *Graphic Comms. Int'l Union v. Quebecor*

26  /

AO 72
(Rev. 8/82)

1 *Printing Providence, Inc.*, 270 F.3d 1,5 (1st Cir. 2001).  The Court now reviews these four factors

2 in light of the relevant circumstances.

3 **A.    Danger of Prejudice**

4 Access Group admits this factor "may support finding excusable neglect." (Dkt.

5 #49, Opp'n 3.)  In addition to pointing out Access Group's tacit concession on this matter,

6 Levesque argues Access Group will suffer no prejudice if the Court sets aside its previous order

7 because Levesque opposed Defendant Trans Union's motion to dismiss, thus giving Access Group

8 every reason to believe Levesque would do the same with its motion.  The Court is not entirely

9 persuaded that the fact that Levesque opposed Trans Union's motion means Access Group will not

10 suffer prejudice if the Court sets aside its previous order.  At the same time, however, Access

11 Group has neither provided nor attempted to provide evidence indicating it would be prejudiced if

12 the Court grants Levesque's motion.  Furthermore, the Court has reviewed the evidence and

13 arguments in this case, and it cannot find any reason why Access Group would be greatly

14 prejudiced if Levesque were permitted to oppose its motion to dismiss.  Accordingly, the Court

15 finds this factor weighs in favor of finding excusable neglect.

16 **B.    Length of Delay**

17 Levesque filed his motion to set aside the Court's order only seven days after the

18 Court granted Access Group's motion to dismiss.  Access Group admits this length of delay "may

19 support finding excusable neglect."  (*Id.*)  The Court finds this length of delay certainly supports

20 finding excusable neglect.  Given the short amount of time between the Court's order and

21 Levesque's motion to set aside the order, this factor weighs in favor of granting Levesque's

22 motion.

23 **C.    Reason for the Delay**

24 Levesque alleges he failed to timely respond to Access Group's motion to dismiss

25 because Levesque's lead counsel, Andrea Alexander, was on maternity leave at the time the

26 response was due.  Her absence apparently led to a breakdown in communication between her and

3

1   the other lawyers in this case which ultimately caused them to miss the deadline for opposing

2   Access Group's motion to dismiss.  Anderson testifies via affidavit that she was responsible for

3   receiving notice of recent filings from the Court and responding to them, but that she did not

4   receive the email regarding Access Group's motion to dismiss due to a computer glitch which

5   failed to rout her work email to her personal email account.  William Gamage, co-counsel with

6   Alexander, apparently knew of the motion but was not aware that Alexander was not receiving

7   court notices and he assumed Anderson would respond to the motion.  Both attorneys assert that as

8   soon as they received notice that the Court had granted Access Group's motion to dismiss, they

9   prepared the motion to set aside the Court's order.

10          The breakdown in communication between Levesque's attorney is unfortunate.

11   With several attorneys working on this case, counsel for plaintiff should not have failed to respond

12   to Access Group's motion.  Nonetheless, the Court concludes the reason for this

13   delay—Anderson's maternity leave and resulting computer problems—weighs in favor of finding

14   excusable neglect.  Although all the lawyers involved should have been more diligent in their

15   representation of Levesque's interests, Anderson's extenuating personal circumstances clearly

16   altered her and her fellow attorneys' normal course of conduct.  In the Court's view, but for

17   Anderson's maternity leave, Levesque's opposition to Access Group's motion to dismiss would

18   have been filed on time.  The Court therefore finds this factor weighs in favor of finding excusable

19   neglect.

20          **D.     Bad Faith**

21          Access Group has not provided evidence indicating that counsel for Levesque acted

22   in bad faith when they failed to respond to Access Group's motion to dismiss.  After reviewing the

23   moving papers and accompanying affidavits, the Court also finds no evidence of bad faith here.

24   Accordingly, this factor weighs in favor of granting Levesque's motion.

25          Having determined that the four factors weigh in favor of finding excusable neglect,

26   the Court hereby grants Levesque's motion.  In addition to these factors, the Court is persuaded by

4

1    the Supreme Court's decision in *Pioneer Investment Services v. Brunswick Associates* when it held

2    that "for the purposes of Rule 60(b), excusable neglect is understood to encompass situations in

3    which the failure to comply with a filing deadline is attributable to negligence." 507 U.S. at 387.

4    This is precisely what happened here: Levesque's attorneys were negligent by failing to monitor

5    and comply with the Court's filing deadlines. Although unfortunate, the Court finds that this

6    negligence is excusable under Rule 60(b).

7    **II.      Access Group's Motion for Final Judgment**

8             Shortly before Levesque filed his motion for relief, Access Group filed a motion for

9    final judgment asking the Court to enter judgment in its favor and dismiss it entirely from this

10   case. Because the Court grants Levesque's motion to set aside its previous order dismissing

11   Access Group from this case, the Court denies Access Group's motion for final judgment.

12   **III.     Kentucky Higher Education Student Loan Corporation**

13            In its January 14 Order, the Court also granted Defendant Kentucky Higher

14   Education Student Loan Corporation's ("KHESLC") motion to dismiss because Levesque did not

15   oppose the motion. Levesque has not asked the Court to set aside its ruling as to KHESLC.

16   Accordingly, the Court's dismissal of all claims against KHESLC stands.

17                                              **CONCLUSION**

18            Accordingly, and for good cause appearing,

19            IT IS HEREBY ORDERED that Plaintiff Stephan Levesque's Motion to Set Aside

20   Order and For Leave to File Response (#48) is GRANTED as it pertains to the Court's previous

21   dismissal of Levesque's claims against Defendant Access Group.

22            IT IS FURTHER ORDERED that Levesque has fourteen days from the date of this

23   Order to file an opposition to Access Group's Motion to Dismiss (#36). Access Group will have

24   ten days from the date Levesque files his opposition to file a reply.

25   /

26   /

AO 72
(Rev. 8/82)

5

1               IT IS FURTHER ORDERED that Access Group's Motion for Final Judgment

2   (#47) is DENIED.

3               Dated:  April 30, 2010.

4

5                                                  _____

6                                **ROGER L. HUNT**
                                   **Chief United States District Judge**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26